UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:24-cv-123-LLK

**DEREK BRANHAM,**                                                                                              **PLAINTIFF**

**v.**

**MICHAEL J. HAMILTON,** *et al*,                                                                    **DEFENDANTS**

## MEMORANDUM OPINION

This matter has been referred to Magistrate Judge Lanny King pursuant to 28 U.S.C. § 636(c) to conduct all proceedings and order the entry of a final judgment. Reference Order of September 23, 2024 [DN 18]. Before the Court are Defendants' Motions to Dismiss Plaintiff's Complaint. Motions [DNs 40 & 43]. Plaintiff failed to respond by the July 7, 2025, deadline. The matter is therefore ripe for review.

### Background and Procedural History

Plaintiff brought various claims against Defendants for liability stemming from a 2021 car accident. [DN 1]. Since Plaintiff's attorney withdrew from representing him in December 2024, he has declined to prosecute his case. Plaintiff appeared on three status conferences in the intervening months and was repeatedly warned—in plain, layman's terms—that his failure to respond to Defendants' discovery requests could result in his case being dismissed. *See* [DN 44] (summarizing status conferences, orders, and warnings). Plaintiff was originally served with discovery requests on September 24, 2024. Because his counsel later withdrew, the Court required Defendants to re-serve their discovery requests in late January 2025. *See* [DN 37]; [DN 40] at 1-2; [DN 43] at 2. Plaintiff confirmed receipt of the discovery requests in a subsequent

status conference; however, he has since refused to respond, in violation of the Federal Rules and multiple Court Orders. Defendants moved to dismiss, *see* Motions [DNs 40 & 43], and Plaintiff likewise failed to respond. In the last status conference on June 16, the Court specifically advised Plaintiff of the pending dispositive Motions, advised him that the Court would set July 7 as his deadline to respond (which was more time than the Local Rules would ordinarily allow), and warned that "[f]ailure to respond may result in the Court granting the Motions." [DN 44] at 3-4. Although an additional month has nearly passed, Plaintiff has not responded or moved for an extension of time.

## Analysis

The Court has authority to dismiss claims against defendants for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Plaintiff has failed on each of these grounds. The Sixth Circuit employs a four-factor analysis for determining whether dismissal for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Contumacious" means "perverse in resisting authority and stubbornly disobedient." *Schafer*, 529 F.3d at 737 (internal quotations and citations omitted). The less stringent standards that typically apply to *pro se* parties do not apply

to readily comprehendible court deadlines of which a plaintiff is well-aware. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Under the *Knoll* factors,

(1) Plaintiff has demonstrated willful disregard for Court orders and deadlines. Plaintiff was put on on actual notice of his discovery obligations and the consequence of failing to respond, and he affirmed his understanding of the same. [DN 44] at 3-4. He has had nearly a year to answer Defendants' discovery but has resisted the Court's authority and remained "stubbornly disobedient." *Schafer*, 529 F.3d at 737.

(2) Defendants have been prejudiced by Plaintiff's conduct by having to serve, and re-serve, discovery requests which Plaintiff all but ignored. They have also been required to attend multiple, lengthy status conferences where the Court heard Defendants' concerns, dealt with Plaintiff's objections, and ensured that Plaintiff understood his discovery and Court-ordered obligations.

(3) Plaintiff was warned in at least two status conferences, and two subsequent Court orders, that his case could be dismissed if he failed to respond to the discovery requests. He verbally acknowledged his understanding and still refused to respond.

(4) Given Plaintiff's history, another order compelling compliance or lesser sanction is unlikely to result in cooperation or productive use of resources. *See Kendrick v. Amazon.Com Servs., LLC,* No. 24-5232, 2024 U.S. App. LEXIS 27411, at *8 (6th Cir. Oct. 28, 2024) ("[T]his court has never held that a district court is without power to dismiss a complaint, as the first and only sanction. And the record reflects that the district court considered less drastic sanctions but concluded that lesser sanctions

would not have any effect on [Plaintiff's] conduct, given his failures to participate in the prosecution of his case.") (internal quotations and citations omitted).

The Sixth Circuit has affirmed dismissal with prejudice in similar circumstances, and Plaintiff has provided no grounds for further leniency or awarding a lesser sanction. *See Harmon v. CSX Transp.*, 110 F.3d 364, 369 (6th Cir. 1997) (affirming dismissal with prejudice and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where the plaintiff, for nearly one year, failed to respond to discovery requests, did not comply with a court order, and filed no response to a motion to dismiss).

## Conclusion

Because Plaintiff failed to prosecute this case, failed to comply with Court orders, and failed to comply with the Federal Rules of Civil Procedure, his claims against each Defendant warrant dismissal under Fed. R. Civ. P. 41(b). Therefore, by separate Order, the Court will dismiss the instant action.

August 5, 2025

Lanny King, Magistrate Judge
United States District Court

C. Derek Branham, 10135 Santa Rosa Dr., Atoka, TN 38004; Counsel